Gerald J. Ferguson (N.J. Bar No. 052381996)
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
Telephone:   212.589.4238
Fascimile:    212.589.4201
gferguson@bakerlaw.com
*Attorneys for Plaintiff BNED Loudcloud, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| BNED LOUDCLOUD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LOUDCLOUD CORPORATION, <br><br> Defendant. | Civil Action No.: _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION BY TARNISHMENT**

Plaintiff, BNED LoudCloud, LLC, by its undersigned counsel, brings this action for trademark infringement, unfair competition, and dilution by tarnishment against Defendant, LoudCloud Corporation, by filing this complaint and alleges as follows:

**PARTIES**

1. Plaintiff BNED LoudCloud, LLC ("Plaintiff") is a Delaware limited liability company, with its principal place of business at 120 Mountain View Blvd., Basking Ridge, NJ 07920.

2. Defendant LoudCloud Corporation ("Defendant") is a California corporation with its principal place of business at 5011 S. Normandie Ave, Los Angeles, CA 90037.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims under 28 U.S.C. § 1367.

4. Upon information and belief, Defendant has conducted and continues to conduct business within the State of New Jersey and is subject to the personal jurisdiction of this Court under New Jersey's long-arm statute. Defendant offers information about its mobile app and links to download that mobile app on its website www.getloudcloud.com, and offers downloadable software applications through third party platforms such as Google Play and Apple's App Store that can be downloaded in New Jersey. Furthermore, Defendant's mobile app is aimed at New Jersey residents, in that it offers specific information about medical marijuana dispensaries located in New Jersey that may only be patronized by residents of New Jersey. Upon information and belief, Defendant's mobile app has been downloaded and used in New Jersey by residents of New Jersey.

5. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because Defendant has committed acts of trademark infringement, unfair competition, and dilution by tarnishment in this District.

## BACKGROUND

6. Founded in 2010, Plaintiff LoudCloud provides learning management system services and competency-based learning platform services to educational institutions and students that are highly adaptive, customizable, and offer cloud-based solutions to promote online classroom interactions at both the K-12 and higher education levels. Plaintiff is a well-

known provider of educational services through innovative software solutions that provide a full range of educational services to college campuses, and other educational venues, including provision of educational content and behavioral analytic data to faculty and students.

7. Since at least as early as 2010, years prior to Defendant filing an intent-to-use trademark application in 2016, Plaintiff and its predecessor in interest has offered its products and services under the trademark LOUDCLOUD to students, faculty, education administrators and educational institutions.

8. Plaintiff owns all right, title and interest in and to U.S. Trademark Registration No. 4095476 for the trademark LOUDCLOUD for analyzing educational tests scores and data for others; analyzing of educational test scores and data for others; business education and training services, namely, developing, and facilitating customized in-company leadership and executive development programs, providing executive coaching services, and providing public and in-company keynote presentations to business leaders; computer education training; computer education training services; conducting after school tutoring programs; educating at university or colleges; education services in the nature of courses at the university level; educational course monitoring, namely, tracking student performance; educational examination services; educational services, namely, conducting distance learning instruction at the secondary, college and graduate levels; educational services, namely, conducting distance learning instruction at the university level; educational services, namely, developing and conducting training courses and distribution of training materials in connection therewith for subject matters as requested by customers; educational services, namely, the offering of web based and classroom training for certification of teachers and continuing education for teachers and principals; information on education; providing courses of instruction at the undergraduate and

graduate level; provision of information relating to educational services; teaching, training, tutoring and courses of instruction at the undergraduate, graduate and post-graduate level, issued on the Principal Register of the United States Patent and Trademark Office on February 7, 2012. U.S. Reg. No. 4095476 is valid, subsisting, uncancelled, and unrevoked. A copy of this registration is attached hereto as Exhibit A.

9. By virtue of Plaintiff's continuous use of the mark LOUDCLOUD, which is the subject of U.S. Reg. No. 4095476, such mark has become incontestable pursuant to 15 U.S.C. § 1065.

10. Plaintiff owns all right, title and interest in and to U.S. Trademark Registration No. 4369706 for the trademark LOUDCLOUD for analyzing educational tests scores and data for others; business training in the field of developing and facilitating customized in-company leadership and executive development programs, providing executive coaching services, and providing public and in-company keynote presentations to business leaders; computer education training services; educating at university or colleges; education services in the nature of courses at the university level; education services, namely, providing on-line classroom training in the field of teacher certification and continuing education for teachers and principals; educational course monitoring, namely, tracking student performance; educational examination services; educational services, namely, conducting distance learning instruction at the secondary, college, university, and graduate level; educational services, namely, developing curriculum for educators; educational services, namely, providing courses of instruction at the secondary, college, university, and graduate level and distribution of course material in connection therewith; providing courses of instruction at the undergraduate and graduate level; providing information about education; providing information relating to education services for children;

providing information relating to educational services, issued on the Principal Register of the United States Patent and Trademark Office on July 13, 2013.  U.S. Reg. No. 4369706 is valid, subsisting, uncancelled, and unrevoked. A copy of this registration is attached hereto as Exhibit B.  Plaintiff's Trademark Registration Nos. 4095476 and 4369706 are hereinafter referred to as Plaintiff's LOUDCLOUD marks.

11. Defendant operates a website at www.getloudcloud.com and offers a mobile application called "LoudCloud" for download on the Apple App Store and on Google Play. The www.getloudcloud.com website provides download links for the LoudCloud app.

12. Defendant's LoudCloud app provides several marijuana-related services aimed at "enhancing the cannabis buying experience," including:

   a. App users may upload their state ID and their marijuana prescription to Defendant's "HIPAA Secure" servers. This allows marijuana patients to "pre-verify" their identification and prescription to dispensaries "for faster access to retailers."

   b. The LoudCloud app provides map data showing the location of dispensaries nearby to the user. An app user may input search criteria such as type, quantity, and price of marijuana, as well as a maximum distance away from the user, to search for dispensaries that meet the user's search criteria.

   c. Users may write and read reviews of marijuana dispensaries that are noted on the app.

   d. Users may sign up to receive "exclusive deals on [their] favorite products."

A copy of the www.getloudcloud.com website is attached hereto as Exhibit C.

5

13. Defendant's LoudCloud app lists several dispensaries that are located in New Jersey, including:

    a. Compassionate Sciences in Bellmawr, New Jersey;

    b. Compassionate Care Foundation in Egg Harbor Township, New Jersey;

    c. Breakwater Treatment & Wellness in Cranbury Township, New Jersey;

    d. Garden State Dispensary in Woodbridge, New Jersey; and

    e. Greenleaf Compassion Center in Montclair, New Jersey.

14. Defendant also offers a "point of sales system" under the "LoudCloud" designation, as described at www.loudpos.com (the "LoudCloud POS service"). On information and belief, the LoudCloud POS service is an enterprise software system and mobile-based platform aimed at owners and managers of marijuana dispensaries as a means for managing patient intake, verifying patient information, tracking inventory, complying with government regulations, providing analytics and reports, and processing sales. A copy of the www.loudpos.com website is attached hereto as Exhibit D.

15. Defendant filed an intent-to-use application for the mark "LOUDCLOUD" on June 15, 2016, which was assigned Application Serial No. 87073100. A copy of the Trademark Status and Document Retrieval status of this application is attached as Exhibit E. The goods identified in connection with Defendant's Application Serial No. 87073100 are in class 9 for "Computer application software for mobile phones, namely, software for providing consumer information, namely, compilations, rankings, ratings, reviews, referrals and recommendations relating to businesses; Computer application software for mobile phones, namely, software for providing consumer information, namely, compilations, rankings, ratings, reviews, referrals and recommendations relating to cannabis businesses; Computer application software for mobile

phones, namely, software for providing HIPPA compliant patient information, namely, recommendations or prescriptions to cannabis dispensaries; Computer application software for mobile phones, namely, software for providing patient information."

16. A proceeding before the Trademark Trial and Appeal Board, Opposition No. 9123313, was instituted on March 8, 2017, concerning Plaintiff's opposition to the registration of Defendant's Application Serial No. 87073100 for LOUDCLOUD.

17. Plaintiff's LOUDCLOUD marks are of very substantial value to Plaintiff, and Plaintiff has spent money marketing and promoting the services it offers under its LOUDCLOUD marks. As a result, Plaintiff's LOUDCLOUD marks have received substantial recognition and have come to signify Plaintiff and Plaintiff's services.

18. Defendant's use of the LOUDCLOUD mark for marijuana dispensary location services; and a mobile application and network for users of marijuana to identify dispensaries near them, review dispensaries, and receive deals from dispensaries; and for the LoudCloud POS services, has and will continue to harm Plaintiff's business and goodwill generated under the registered LOUDCLOUD marks for their services. Specifically, Defendant's use of the LOUDCLOUD mark for services directly related to marijuana, which is an illegal substance under federal law, will harm Plaintiff's goodwill and reputation in the educational services industry for providing learning management system services and competency-based learning platforms to K-12 and higher education students, faculty, administrators, and institutions – institutions of learning whose essential mission is inherently contrary to the promotion of illegal drug use.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

19. Plaintiff incorporates Paragraphs 1-18 by reference as if fully set forth herein.

20. This is a cause of action for federal trademark infringement arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. Plaintiff's federally registered LOUDCLOUD marks, U.S. Reg. Nos. 4095476 and 4369706, attached hereto as Exhibits A and B, are valid, subsisting, uncancelled, and unrevoked. Reg. No. 4095476 is incontestable.

22. Plaintiff has continuously used its LOUDCLOUD mark covered by Reg. No. 4095476 in connection with analyzing educational tests scores and data for others; analyzing of educational test scores and data for others; business education and training services, namely, developing, and facilitating customized in-company leadership and executive development programs, providing executive coaching services, and providing public and in-company keynote presentations to business leaders; computer education training; computer education training services; conducting after school tutoring programs; educating at university or colleges; education services in the nature of courses at the university level; educational course monitoring, namely, tracking student performance; educational examination services; educational services, namely, conducting distance learning instruction at the secondary, college and graduate levels; educational services, namely, conducting distance learning instruction at the university level; educational services, namely, developing and conducting training courses and distribution of training materials in connection therewith for subject matters as requested by customers; educational services, namely, the offering of web based and classroom training for certification of teachers and continuing education for teachers and principals; information on education; providing courses of instruction at the undergraduate and graduate level; provision of

information relating to educational services; teaching, training, tutoring and courses of instruction at the undergraduate, graduate and post-graduate level since at least as early as February 2, 2010.

23. Plaintiff has continuously used its LOUDCLOUD (Stylized) mark covered by Reg. No. 4369706 for Plaintiff's services since at least as early as December 1, 2011.

24. Plaintiff's continuous use and promotion of its federally registered LOUDCLOUD marks in interstate commerce have been prior to the acts of Defendant complained of herein.

25. Plaintiff has given notice of its registration pursuant to Section 29 of the Lanham Act, 15 U.S.C. § 1111.

26. Defendant's use of the trademark LOUDCLOUD is unauthorized by Plaintiff and constitutes an infringement of Plaintiff's registered LOUDCLOUD marks and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiff's goods.

27. Plaintiff's and Defendant's marks are identical and upon information and belief, both advertised and promoted to the general public.

28. Unless enjoined by the Court, Defendant will continue to use the infringing mark, causing irreparable injury to Plaintiff, for which it has no adequate remedy at law.

29. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

30. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

31. Plaintiff incorporates Paragraphs 1-30 by reference as if fully set forth herein.

32. This cause of action arises under the common law of New Jersey.

33. By the acts and activities complained of herein, Defendant is in a position to pass off its goods as goods produced by, or under license from, or with the approval of, Plaintiff.

34. Defendant's acts and activities are also likely to cause consumers to mistakenly believe that Plaintiff's goods are produced by, or under license from, or with the approval of, Defendant.

35. Plaintiff has no control over the infringing goods and services advertised, offered for sale, and/or sold by Defendant, with the result that Plaintiff's brand recognition and goodwill are irreparably injured by the acts complained of herein.

36. Defendant's acts and conduct constitute trademark infringement under the common law.

37. Defendant's trademark infringement has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

38. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT III: UNFAIR COMPETITION UNDER LANHAM ACT § 43

39. Plaintiff incorporates Paragraphs 1-38 by reference as if fully set forth herein.

40. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's use of the mark LOUDCLOUD to promote, market, or render its services in interstate commerce in competition with Plaintiff's products constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

42. Defendant's use of the LOUDCLOUD mark is likely to cause confusion, mistake, and deception among consumers as to the origin, source, sponsorship, or approval of Defendant's goods and services, in that purchasers or others are possibly and likely to believe that Defendant's goods are associated with Plaintiff, or that Plaintiff's services are associated with Defendant.  Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

43. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

44. Plaintiff incorporates Paragraphs 1-43 by reference as if fully set forth herein.

45. Defendant's marketing and sale of a mobile app under the LOUDCLOUD mark is likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products and commercial activities.

46. Defendant's actions alleged herein constitute unfair competition in violation of the common law of New Jersey.

47. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

48. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

### COUNT VI: VIOLATION OF NEW JERSEY'S UNFAIR COMPETITION ACT, N.J.S.A. § 56:4-1

49. Plaintiff incorporates Paragraphs 1-48 by reference as if fully set forth herein.

50. This cause of action arises under New Jersey's Unfair Competition Act, N.J.S.A. § 56:4-1.

51. By the acts and activities complained of herein, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, as well as to the affiliation, connection, or association with goods or services by adopting and using a mark which is identical to Plaintiff's LOUDCLOUD marks.

52. Defendant's trademark infringement and unfair competition have caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

53. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

### COUNT VII: FEDERAL DILUTION BY TARNISHMENT

54. Plaintiff incorporates Paragraphs 1-53 by reference as though fully set forth herein.

55. Plaintiff's LOUDCLOUD marks are distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56. Plaintiff's LOUDCLOUD marks became distinctive and famous prior to the Defendant's acts as alleged herein.

57. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's LOUDCLOUD marks by undermining and damaging the valuable goodwill associated therewith by creating an association between Plaintiff's LOUDCLOUD marks and marijuana, which is an illegal drug under federal law.

58. Defendant's dilution by tarnishment as alleged herein is intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and has already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

59. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

### COUNT VIII: DILUTION BY TARNISHMENT UNDER NEW JERSEY'S DILUTION LAW, N.J.S.A. § 56:3-20

60. Plaintiff incorporates Paragraphs 1-59 by reference as though fully set forth herein.

61. This cause of action for dilution by tarnishment arises under New Jersey's dilution law, N.J.S.A. § 56:3-20.

62. Plaintiff's LOUDCLOUD marks are distinctive and famous.

63. Defendant is using the LOUDCLOUD mark in commerce for a mobile application related to marijuana, which is an illegal drug under federal law.

64. Defendant's LOUDCLOUD mark is identical to Plaintiff's LOUDCLOUD marks.

65. Plaintiff's LOUDCLOUD marks became distinctive and famous prior to the Defendant's acts as alleged herein.

66. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, Plaintiff's LOUDCLOUD marks by undermining and damaging the valuable

goodwill associated therewith, by creating an instinctive mental association between Plaintiff's LOUDCLOUD marks and marijuana.

67. Defendant's dilution by tarnishment has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

68. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT IX: UNJUST ENRICHMENT

69. Plaintiff incorporates Paragraphs 1-68 by reference as if fully set forth herein.

70. This cause of action arises under the common law.

71. By the acts and activities complained of herein, Defendant has been unjustly enriched.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter an Order and Judgment granting it the following relief:

1. Permanently enjoining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from:

(a) using the LOUDCLOUD mark or any mark containing the term "LOUDCLOUD";

(b) using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's trademark LOUDCLOUD, or that is likely to cause confusion, mistake,

deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant;

2. Requiring Defendant to file with the Court and serve on Plaintiff within thirty (30) days of entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

3. Holding Defendant liable, pursuant to 15 U.S.C. § 1117, for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. Compelling Defendant, pursuant to 15 U.S.C. § 1117, to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. Trebling Plaintiff's damages, pursuant to N.J.S.A. 56:4-2;

6. Ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all, advertising, promotional material or the like in possession, custody, or under the control of Defendant bearing the LOUDCLOUD mark or any mark containing "LOUDCLOUD", as well as mobile apps;

7. Ordering Defendant to account to Plaintiff for, and disgorge to Plaintiff, all profits it has derived as a result of the unlawful acts complained of above;

8. Declaring this to be an exceptional case and awarding Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9. Ordering Defendant to withdraw its pending trademark application for LOUDCLOUD, U.S. App. Ser. No. 87073100;

10. In the event that U.S. App. Ser. No. 87073100 is registered during pendency of this litigation, an order pursuant to 15 U.S.C. § 1119 ordering cancellation of such registration; and

11. Awarding Plaintiff such other relief that the Court deems just and proposed under the circumstances.

Dated:  November 1, 2017

BNED LOUDCLOUD LLC

*/s/ Gerald J. Ferguson*

Gerald J. Ferguson (N.J. Bar No. 052381996)
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
Telephone:   212.589.4238
Fascimile:    212.589.4201
gferguson@bakerlaw.com

Lesley McCall Grossberg (N.J. Bar No. 021682008)
Nancy Rubner Frandsen (*pro hac vice* forthcoming)
Baker & Hostetler LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone:   215.568.3100
Fascimile:    215.568.3439
lgrossberg@bakerlaw.com
nfrandsen@bakerlaw.com

*Attorneys for Plaintiff*
*BNED LOUDCLOUD LLC*